**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 01 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**HARVEY MARTIN**                              **PLAINTIFF**

**VS.**              **NO. 4:18-CV-** _289 - JM_

**EUGENE WATLINGTON, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; MARTIN CLIFFORD, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; BRINTON RAMOLY individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; CHARLTON MCCALL, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; CHRIS MYERS, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; DAVID STARBUCK, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; JAMES FREEMAN, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; CHRIS RAY, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; BILLY KENNEY, individually, and in his Official Capacity as a Faulkner County Sheriff Deputy; ANDY SHOCK, individually, and in his Official Capacity as a The Faulkner County Sheriff; FAULKNER COUNTY, ARKANSAS; TODD WESBECHER, individually, and in his official capacity as a Police Officer for the city of Conway, Arkansas; THOMAS KENNEDY, individually, and in his official capacity as a Police Officer for the city of Conway, Arkansas; A.J. GARY, individually and in his official capacity as Chief of Police for the CONWAY POLICE DEPARTMENT; CITY OF CONWAY, ARKANSAS, and JOHN/JANE DOE 1-10.**

                                      **DEFENDANTS**

This case assigned to District Judge _Moody_
and to Magistrate Judge _Ray_

## COMPLAINT

**COMES THE PLAINTIFF, Harvey Martin,** by and through his attorneys, the Hancock Law Firm, by Charles Daniel Hancock, Arkansas Bar No. 2001-022, and Alex R. Burgos, Arkansas Bar No. 2011-133, and for his Complaint, states and alleges as follows, *to wit*:

### I.

### Introduction

This is an action for declaratory, injunctive and monetary relief brought by Plaintiff, **Harvey Martin,** against Defendant **Eugene Watlington,** a Deputy with the Faulkner County Sheriff's Department, **Martin Clifford,** a Deputy with the Faulkner County Sheriff's Department, **Brinton Ramoly,** a Deputy with the Faulkner County Sheriff's Department, **Charlton McCall,** a Deputy with the Faulkner County Sheriff's Department, **Chris Myers,** a Deputy with the Faulkner County Sheriff's Department, **David Starbuck,** a Deputy with the Faulkner County Sheriff's Department, **James Freeman,** a Deputy with the Faulkner County Sheriff's Department, **Christopher Ray,** a Deputy with the Faulkner County Sheriff's Department, **Billy Kenney,** a Deputy with the Faulkner County Sheriff's Department, **Andy Shock,** as the elected Sheriff of Faulkner County

Arkansas, **Faulkner County Arkansas**, **Todd Wesbecher**, an Investigator with the Conway Police Department, **Thomas Kennedy**, an Investigator with the Conway Police Department, **A.J. Gary**, chief of police with the Conway Police Department, **Conway Police Department, City of Conway, Arkansas**, and **John/Jane Doe** 1-10, alleging as more specifically set forth below:

[a] That the individual Defendant, Eugene Watlington, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant Watlington complained of herein were willful, purposeful and malicious;

[b] That the individual Defendant, Martin Clifford, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a

Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant Clifford complained of herein were willful, purposeful and malicious;

[c]    That the individual Defendant, Brinton Ramoly, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code

Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant Ramoly complained of herein were willful, purposeful and malicious;

**[d]** That the individual Defendant, Charlton McCall, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant McCall complained of herein were willful, purposeful and malicious;

**[e]** That the individual Defendant, Chris Myers, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas -

in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant Myers complained of herein were willful, purposeful and malicious;

[f] That the individual Defendant, David Starbuck, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant Freeman complained of herein were willful, purposeful and malicious;

[g] That the individual Defendant, James Freeman, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy in and for Faulkner County, Arkansas, did brutalize Plaintiff, using force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest at or near the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of Defendant Freeman complained of herein were willful, purposeful and malicious;

[h] That the individual defendant, Billy Kenney, on or about May 3 and May 4, 2015, Deputy with the Faulkner County Sheriff's Department, acting individually and in his official capacity as a Faulkner County Sheriff Deputy, did fail to protect the Plaintiff, while observing Eugene Watlington, Martin Clifford, Chris Myers, David Starbuck, James Freeman, and Brinton Ramoly, use force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest and detention at the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of

the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of the Defendant Kenney complained of herein were willful, purposeful and malicious;

[i] That the individual defendant, Charlton McCall, Deputy with the Faulkner County Sheriff's Department, acting individually and in his official capacity as a Faulkner County Sheriff Deputy, did fail to protect the Plaintiff, while observing Eugene Watlington, Martin Clifford, Chris Myers, David Starbuck, James Freeman, and Brinton Ramoly, use force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest and detention at the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of the Defendant McCall complained of herein were willful, purposeful and malicious;

8

**[j]**  That the individual defendant, Chris Ray, on or about May 3 and May 4, 2015, acting individually and in his official capacity as a Faulkner County Sheriff Deputy, did fail to protect the Plaintiff, while observing Eugene Watlington, Martin Clifford, Chris Myers, David Starbuck, James Freeman, and Brinton Ramoly, use force greater than that necessary to serve the legitimate interest of order in the course of Martin's arrest and detention at the intersection of Clifton St. and Hairston St., in the city of Conway, Arkansas - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of the Defendant Ray complained of herein were willful, purposeful and malicious;

**[k]**  That the individual defendant, Todd Wesbecher, on or about May 3 and May 4, 2015, an Investigator for the City of Conway, Arkansas Police Department, acting individually and in his official capacity as a Conway Police Investigator, did fail to protect the Plaintiff, in that he elicited the Plaintiff's aid in an attempt to secure the apprehension of Christopher Cummings – a wanted felon known to be armed and dangerous – placing

Plaintiff in a high-risk police sting while willfully omitting to disclose to other officers and agencies that Plaintiff was a confidential informant - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of the Defendant Wesbecher complained of herein were willful, purposeful and malicious;

[l]  That the individual defendant, Thomas Kennedy, on or about May 3 and May 4, 2015, an Investigator for the City of Conway, Arkansas Police Department, acting individually and in his official capacity as a Conway Police Investigator, did fail to protect the Plaintiff, in that knowing that the aid of Plaintiff's and that of other law enforcement agencies was elicited in an attempt to secure the apprehension of Christopher Cummings – a wanted felon known to be armed and dangerous – placing Plaintiff in a high-risk police sting, while willfully omitting to disclose to other officers and agencies that Plaintiff was a confidential informant - in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 2, Section 15 of the Arkansas Constitution, and in

violation of the laws of the United States, State of Arkansas and in violation of Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.* - that the acts and conduct of the Defendant Wesbecher complained of herein were willful, purposeful and malicious;

[m] **That** the defendants, Andy Shock, Faulkner County, Arkansas, A.J. Gary, the Conway Police Department, City of Conway, Arkansas, failed to properly train, hire and supervise its/their employees – including the individual defendants named herein, and/or promulgate policies and procedures to prevent the injuries suffered by Martin.

## II.

### Jurisdiction and Venue

1. Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically rights guaranteed Plaintiff by the Fifth, Eighth and/or the Fourteenth Amendments to the Constitution of the United States. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367.

2. Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised

herein arose within the boundaries of Faulkner County, Arkansas within the Little Rock Division of the Eastern District of Arkansas.

## III.

## Parties

3. Plaintiff, Harvey Martin, was at all time relevant to the Complaint a resident of Faulkner County, Arkansas.

4. Defendant, Eugene Watlington, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas. As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas. He was also responsible for and under a duty not to use excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by maliciously and sadistically brutalizing Plaintiff. All of the acts and conduct of Defendant Watlington complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

5. Defendant, Martin Clifford, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.   As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty not to use excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by maliciously and sadistically brutalizing Plaintiff.  All of the acts and conduct of Defendant Clifford complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

6. Defendant, Brinton Ramoly, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.   As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty not to use

excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by maliciously and sadistically brutalizing Plaintiff. All of the acts and conduct of Defendant Ramoly complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

7. Defendant, Chris Myers, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas. As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas. He was also responsible for and under a duty not to use excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by maliciously and sadistically brutalizing Plaintiff. All of the acts and conduct of Defendant Myers complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

8. Defendant, David Starbuck, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.   As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty not to use excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by maliciously and sadistically brutalizing Plaintiff.  All of the acts and conduct of Defendant Starbuck complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

9. Defendant, James Freeman, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.   As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty not to use

excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by maliciously and sadistically brutalizing Plaintiff.  All of the acts and conduct of Defendant Freeman complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

10. Defendant, Billy Kenney, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas.  At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.  As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty to protect the Plaintiff from the use of excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by allowing Plaintiff to be brutalized with excessive force without intervention.  All of the acts and conduct of Defendant Kenney complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

11. Defendant, Chris Ray, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas.  At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.   As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty to protect the Plaintiff from the use of excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by allowing Plaintiff to be brutalized with excessive force without intervention.  All of the acts and conduct of Defendant Ray complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

12. Defendant, Charlton McCall, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Deputy Sheriff for Faulkner County, Arkansas.   As such, he was responsible for following policies, procedures and guidelines as promulgated by the Faulkner County Sheriff's Office, and the laws of United States and the State of

Arkansas. He was also responsible for and under a duty to protect the Plaintiff from the use of excessive force in the course of his employment with the Faulkner County Sheriff's Department, which duty he violated in this case by allowing Plaintiff to be brutalized with excessive force without intervention. All of the acts and conduct of Defendant McCall complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

13. Defendant, Todd Wesbecher, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Police officer for the City of Conway, Arkansas Police Department. As such, he was responsible for following policies, procedures and guidelines as promulgated by the City of Conway, Arkansas Police Department, and the laws of United States and the State of Arkansas. He was also responsible for and under a duty to protect the Plaintiff from the use of excessive force in the course of his employment with the City of Conway, Arkansas Police Department as he took part in an interagency sting operation involving the aid of the Plaintiff and the Faulkner County Sheriff's Department, which duty he violated in this case by willfully

failing to disclose that Plaintiff was a cooperating informant assisting in the sting operation. All of the acts and conduct of Defendant Wesbecher complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

14. Defendant, Thomas Kennedy, was, at all time relevant to this Complaint, believed to be a resident of Faulkner County, Arkansas. At all times pertinent hereto he was a Police officer for the City of Conway, Arkansas Police Department.  As such, he was responsible for following policies, procedures and guidelines as promulgated by the City of Conway, Arkansas Police Department, and the laws of United States and the State of Arkansas.  He was also responsible for and under a duty to protect the Plaintiff from the use of excessive force in the course of his employment with the City of Conway, Arkansas Police Department as he took part in an interagency sting operation involving the aid of the Plaintiff and the Faulkner County Sheriff's Department, which duty he violated in this case by willfully failing to disclose that Plaintiff was a cooperating informant assisting in the sting operation. All of the acts and conduct of Defendant Kennedy complained of herein constitute state action within the

meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*

15. Sheriff, Andy Shock, was the elected or appointed Sheriff of Faulkner County, Arkansas, and at all times relevant to the allegations in the Complaint was believed to be a resident of Faulkner County, Arkansas. At all times relevant to the allegations Sheriff Shock was tasked with training, hiring, and promulgating policies and procedures, e.g., for the Faulkner County Sheriff's Office.

16. Faulkner County Arkansas is a geographical area within the State of Arkansas. Jim Baker is the County Judge.

17. Chief A.J. Gary, was the Chief of Police for the Conway, Arkansas Police Department, and at all times relevant to the allegations in the Complaint was believed to be a resident of Faulkner County, Arkansas. At all times relevant to the allegations, Chief Gary was tasked with training, hiring, and promulgating policies and procedures, e.g., for the Conway Police Department.

18. The City of Conway, Arkansas is a geographical area within the State of Arkansas. Bart Castleberry is the Mayor.

19. Defendants John/Jane Doe 1-10 are individuals, currently unknown, that were active participants in the actions described herein.

## IV.

### <u>Facts</u>

20. On May 4, 2015, Plaintiff Harvey Martin, was arrested and charged with Felony Fleeing, Reckless Driving, Resisting Arrest, Following too Close, Driving Left of Center, Speeding, Careless and Prohibited Driving, and Crossing a Median.

21. On May 5, 2015 a Felony information was filed in Faulkner County Circuit Court Case number 23CR-15-328 charging Plaintiff with the above listed offenses. On July 27, 2015 Faulkner County Circuit Court Case number 23CR-15-328, and the charges filed therein were dismissed.

22. On May 4, 2015 Plaintiff, Harvey Martin, was brutally assaulted by Defendants, Eugene Watlington, Martin Clifford, Brinton Ramoly, Chris Myers, David Starbuck, James Freeman, and Christopher Ray, and the assault was to injure, punish and/or discipline Martin. Specifically:

    a. In the late hours of May 3, 2015 and continuing until the early hours of May 4, 2015 Harvey Martin had been acting at the direction of defendant Todd Wesbecher, an investigator with the Conway Police Department, to assist them in locating and

aiding in a string operation that aimed at apprehending Christopher Cummings – a wanted person who was known by law enforcement to be armed and dangerous.

b. Plaintiff provided Defendant Wesbecher with information regarding the whereabouts of Cummings and told Defendant Wesbecher that Cummings had asked to borrow Plaintiff's car. Defendant Wesbecher formed a plan to apprehend Cummings and instructed Plaintiff to meet with Cummings at a residence in Faulkner County, Arkansas.

c. Defendant Wesbecher contacted Defendant Eugene Watlington and informed him that he had received a tip that Christopher Cummings was at a residence on Lawrence Landing Road, in Faulkner County, Arkansas. Wesbecher gave Watlington a description of the vehicles known to be associated with Cummings.

d. Defendant Watlington and other members of the Faulkner County Sheriff's office waited for the vehicles to depart the residence so they could initiate pre-textual traffic stops to search for Cummings.

e. Cummings forced Plaintiff to give him a ride in Plaintiff's vehicle. Shortly after Plaintiff and Cummings left the residence located on Landing Road, Faulkner County Sheriff Deputies attempted to perform a traffic stop on the vehicle driven by the Plaintiff.

f. Cummings forced the Plaintiff to flee. Acting under duress, Plaintiff was involved in a vehicular pursuit that concluded at the intersection of Clifton and Hairston, in the City of Conway, Arkansas.

g. Cummings exited his vehicle and attempted to flee on foot and Plaintiff remained in the driver seat of his vehicle with his hands in plain view as law enforcement officers yelled contradicting commands and pointed their weapons at the Plaintiff.

h. Defendant Clifford and Defendant Watlington opened the passenger door of Plaintiff's car and violently pulled him over the vehicle's center console, across the passenger seat and slammed him onto the ground.

i. Thereupon Defendants Eugene Watlington, Martin Clifford, Brinton Ramoly, Chris Myers, David Starbuck, and James

Freeman immediately began physically assaulting the Plaintiff by punching and kicking the Plaintiff's head and body. Defendant Starbuck also used his department issued Taser to deliver several stuns to the Plaintiff's back.

j. During the assault by Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman, defendants, McCall, Ray, Kenney, and Elliot failed to intervene to prevent the use of excessive force; Plaintiff suffered a traumatic injury to the head, multiple bruises, contusion, abdominal trauma, e.g.

23. All of the force used by Defendants Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman, *see* Paragraph No. 21 a-j above, was unnecessary and unprovoked. At no point in the entire incident did Plaintiff Martin physically assault or resist Defendants.

24. The acts and conduct of Defendants Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman complained of herein were knowing, purposeful, willful and malicious.

25. The acts and conduct of the Defendants Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman complained of herein were intended to cause and did, in fact, create a reasonable apprehension of immediate

harmful or offensive contact upon Plaintiff's person in violation of the laws of the State of Arkansas.

26. The acts and conduct of the Defendants Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman complained of herein were intended to cause and did cause harmful or offensive contact with the person of Plaintiff in violation of the laws of the State of Arkansas.

27. The acts and conduct of the Defendants Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman complained of herein constituted an unreasonable seizure and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of Article II, Sections 8, 15 of the Arkansas Constitution and, hence, in violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*

28. The actions and inactions of defendants McCall, Ray, Kenney, and Elliot were deliberately indifferent to a substantial risk of serious harm perpetrated by Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman against Martin.  McCall, Ray, and Kenney, witnessed the excessive force used by Watlington, Clifford, Ramoly, Myers, Starbuck, and Freeman on Martin but failed to intervene.

29. Andy Shock and Faulkner County, Arkansas, failed to promulgate policies and procedures to prevent the harm caused to Martin, and/or failed to properly train and/or hire the defendants.

30. Police Chief A.J Gary, the Conway Police Department, and the city of Conway, Arkansas failed to promulgate policies and procedures to prevent the harm caused to Martin, and/or failed to properly train and/or hire the defendants.

31. As a direct and proximate result of the acts and conduct of Defendants complained of herein, *see* Paragraph Nos. 1 through 30; Plaintiff suffered extreme physical pain, permanent injury, and emotional pain and suffering.

32. The actions, inactions and conduct of Defendants were willful and malicious and purposefully calculated to cause Plaintiff extreme harm, pain, personal anguish, embarrassment and humiliation.

33. As a result of the actions, inactions and conduct of the Defendants complained of herein, Plaintiff has suffered actual damages, including but not limited to permanent physical injury, severe physical pain, extreme humiliation emotional distress and pecuniary damages.

# V.

## Causes of Action

34. Plaintiff incorporates Paragraph Nos. 1 through 32, above, as though specifically set forth word-for-word, and sets forth the following causes of action:

   a. The actions, inactions, and conduct of Defendants complained of herein, including the Doe Defendants, constitute a denial of due process, an unreasonable seizure, and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

   b. The actions, inactions, and conduct of the Defendants, including the Doe Defendants, were knowing, purposeful, willful and malicious;

   c. The actions, inactions, and conduct of Defendants, including the Doe Defendants, were a part of policies and patterns and practices of the Faulkner County Sheriff's Department; authorized and sanctioned by Faulkner County, Arkansas.

   d. The actions, inactions, and conduct of Defendants, including the Doe Defendants, were a part of policies and patterns and

practices of the Conway Police Department; authorized and sanctioned by the City of Conway, Arkansas.

e.  The acts and conduct of the Defendants complained of herein, including the Doe Defendants, constitute a violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq. b*ecause they constitute a lack of due process, an unreasonable seizure in violation of Article 2, Section 8, 15 of the Arkansas Constitution as well as cruel and unusual punishment also guaranteed him under the Arkansas Constitution.

## VI.

## Demand for Jury Trial

35. Plaintiff demands a trial by jury.

## VII.

## Prayer for Relief

36. In consideration of the foregoing, Plaintiff, Harvey Martin, after service of this Complaint upon the Defendants herein, prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, Prays for this Court to issue a Judgment:

a.  Declaring the acts and conduct of the Defendants complained of herein to constitute excessive force, violation of due process, and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

b.  Declaring the acts and conduct of the Defendants complained of herein to deprive Plaintiff of his right to be free from the excessive force and cruel and unusual punishment in violation of the Arkansas Constitution and, therefore, actionable pursuant to the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*;

c.  Awarding Plaintiff actual monetary and compensatory damages and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

d.  Awarding Plaintiff punitive damages against Defendants;

e.  Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorney's fee, pursuant to 42 U.S.C. Section 1988;

f.  Specifically enjoining Defendants from any further acts or conduct in derogation of his duty.  Specifically, disregarding

their respective agencies' policies and procedures; monitoring
Defendants' progress in achieving specific goals and timetables
for the provision of adequate care and supervision;

g.  Awarding Plaintiff all other just and equitable relief to which he
may be entitled.

**DATED** this 1st day of May 2018.

Respectfully submitted,

**HARVEY MARTIN**

By:    /s/ *Charles Daniel Hancock*
       **Charles Daniel Hancock**
       Arkansas Bar No. 2001-022
       610 East Sixth Street
       Little Rock, AR 72202
       Phone: 501.372.6400
Email: hancock@hancocklawfirm.com

AND

By:    /s/ *Alex R. Burgos*
       **Alex R. Burgos**
       Arkansas Bar No. 2011-133
       610 East Sixth Street
       Little Rock, AR 72202
       Phone: 501.372.6400
Email: alexb@hancocklawfirm.com